IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-04-19 |
| | § | |
| RAYMOND DWAYNE GOFFNEY | § | |
| a/k/a "Lil Pop" | § | |
| and FREDERICK LLOYD SIMMONS | § | |

REPORT AND RECOMMENDATION

On April 14, 2005, the Court conducted a joint Evidentiary Hearing on the Defendants' Motions to Suppress Evidence. Both Defendants Frederick Lloyd Simmons and Raymond Dwayne Goffney, seek to suppress all evidence seized by officers who executed a search warrant at the residence of Simmons. They allege that the officers violated the "knock and announce" rule. Having now considered the motions and the evidence from the Evidentiary Hearing the Court issues this Report and Recommendation to the District Court.

On June 21, 2004, at 5:40 a.m., a search warrant was issued authorizing the search of Simmons' apartment for cocaine. At 6:52 a.m. a team of eight law enforcement officers arrived at the apartment and one of the officers, Santiago Turrubiate, knocked on the door. Simmons and his co-Defendant Goffney, who were both sleeping at the time, were awakened by the knocking. Goffney went to the door, looked through the peep-hole, saw the uniformed Turrubiate and backed away. As Simmons approached the door Goffney told him the "law" was outside. Once at the door, Simmons, without opening the door, asked "Who's there?" Turrubiate responded that police were present with a search warrant and demanded that the door be opened. Three to five seconds later, before Simmons opened the door, Officer Jaekel kicked it in and Turrubiate entered

the apartment.  Turrubiate testified that from the time he began knocking on the door until the time it was kicked in was from 23 to 25 seconds.[1]  The Defendants both complain that the officers failed to wait for a reasonable time before making the forced entry in violation of the "knock and announce" rule and statute.

The Fourth Amendment does not permit a blanket exception to the knock and announce requirement for felony drug investigations.  Richards v. Wisconsin, 520 U.S. 385, 396 (1997)  However, police need only wait a reasonable time after they knock and announce their presence to make a forced entry; the showing of reasonableness "is not high."  Id. 394  "Generally, a delay of five-seconds or less after knocking and announcing has been held a violation…However, when officers have waited more than five seconds, the courts have generally held that there was no violation."  United States v. Jones, 133 F.3d 358, 362 (5th Cir. 1998)   Even if the Court gives all benefit of doubt to the Defendants, the forced entry in this case was made 23 seconds after Turrubiate began to knock on the door.  Although it may have been made only 3 seconds after his announcement of his presence and purpose, Simmons was made aware of the fact that the "law" was at the door before he asked "Who's there?," which, given the reality of the situation, satisfied the five second rule-of-thumb.[2]  "In drug cases where drug traffickers may so easily and quickly destroy the evidence of their illegal enterprise by simply flushing it down the drain, 15 to 20 seconds is certainly long enough for officers to wait before assuming the worst and making a

---

[1]   The Defendants' estimates of time greatly exceed that of Turrubiate's; for purposes of this motion, the Court finds Turrubiate's estimates to be more accurate.

[2]   The Court does not find that Turrubiate failed to announce his presence and purpose when he first knocked upon the door, it simply believes that such a finding is unnecessary for the disposition of the motions.

forced entry." Id. 362    On the facts of this case, the officers did not violate the knock and announce rule or statute.

The Defendants also attack the sufficiency of the affidavits submitted by Turrubiate in support of his application for the issuance of the search warrant.  The Court has examined the affidavit and finds the Defendants claims to be without merit.  Turrubiate's affidavit describes the apartment to be searched and the property to be seized with adequate specificity.  The affidavit also recites Turrubiate's qualifications as a narcotics investigator; his receipt of recent information from a reliable confidential informant(s) that two individuals were trafficking in cocaine from the apartment; and that a reliable confidential informant had actually seen cocaine in the apartment within the previous 24 hour period.  This information is sufficient to establish the probable cause necessary for the issuance of a search warrant, especially in light of the Supreme Court's admonishment that the resolution of even marginal cases should largely be determined by the preference to be accorded warrants. Illinois v. Gates, 462 U.S. 213 (1983), see also United States v. Phillipps, 727 F.2d 392, 399 (5th Cir. 1984)    It is not the task of this Court to determine whether Turrubiate's affidavit could have been more artfully drawn, it is only to determine whether the affidavit establishes probable cause.  Having done so, the Defendants' argument that the "good faith" exception set forth in United States v. Leon, 468 U.S. 897 (1984) is inapplicable, and therefore, is moot.

For the foregoing reasons, it is the RECOMMENDATION of this Court that the Defendants' Motions to Suppress (Instrument nos. 39 and 40) be DENIED.

The United States District Clerk SHALL serve a copy of this Report and Recommendation on each counsel of record who SHALL have until May 20, 2005, to file written objections with the District Court.  Failure to file written objections to the proposed findings, conclusions and recommendations contained in this Report within the allowed time SHALL bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

DONE at Galveston, Texas this ___29th___ day of April, 2005.

_____
John R. Froeschner
United States Magistrate Judge